**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

IVELISSE MORALES NEGRON,

       Plaintiff,

       v.                              CAUSE NO.: 2:20-CV-270-TLS

KILOLO KIJAKAZI,[1] Commissioner of the
Social Security Administration,

       Defendant.

## OPINION AND ORDER

The Plaintiff Ivelisse Morales Negron seeks review of the final decision of the Commissioner of the Social Security Administration denying her application for disability insurance benefits. The Plaintiff argues that the Administrative Law Judge (ALJ) erred in weighing medical opinions and erred in evaluating her subjective symptoms.

## PROCEDURAL BACKGROUND

On August 18, 2017, the Plaintiff filed an application for disability insurance benefits, alleging disability beginning on January 14, 2017. AR 15, 178, ECF No. 14. The claims were denied initially and on reconsideration. *Id*. 93, 107. The Plaintiff requested a hearing, which was held before the ALJ on April 4, 2019. *Id*. 33-81, 123-24. On May 13, 2019, the ALJ issued a written decision and found the Plaintiff not disabled. *Id.* 12-27. On July 16, 2020, the Plaintiff filed her Complaint [ECF No. 1] in this Court, seeking reversal of the Commissioner's final decision. The Plaintiff filed an opening brief [ECF No. 17], and the Commissioner filed a response brief [ECF No. 19], and the Plaintiff filed a reply brief. [ECF No. 20].

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), the new Commissioner is substituted for her predecessor as Defendant.

**THE ALJ'S DECISION**

For purposes of disability insurance benefits, a claimant is "disabled" if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than" twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *see also* 20 C.F.R. § 404.1505(a). To be found disabled, a claimant must have a severe physical or mental impairment that prevents her from doing not only her previous work, but also any other kind of gainful employment that exists in the national economy, considering her age, education, and work experience. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); 20 C.F.R. § 404.1505(a).

An ALJ conducts a five-step inquiry to determine whether a claimant is disabled. 20 C.F.R. § 404.1520. The first step is to determine whether the claimant is no longer engaged in substantial gainful activity. *Id.* § 416.920(a)(4)(i), (b). In this case, the ALJ found that the Plaintiff has not engaged in substantial gainful activity since January 14, 2017, the alleged onset date. AR 17.

At step two, the ALJ determines whether the claimant has a "severe impairment." 20 C.F.R. § 404.1520(c). Here, the ALJ determined that the Plaintiff has the severe impairments of degenerative disk disease of the lumbar spine with right peroneal neuropathy, fibromyalgia, obstructive sleep apnea, and obesity. AR 17.

Step three requires the ALJ to consider whether the claimant's impairment(s) "meets or equals one of [the] listings in appendix 1" to subpart P of part 404 of this chapter. 20 C.F.R. § 404.1520(a)(4)(iii), (d). If a claimant's impairment(s), considered singly or in combination with other impairments, meets or equals a listed impairment, the claimant will be found disabled without considering age, education, and work experience. *Id*. § 404.1520(a)(4)(iii), (d). Here, the

2

ALJ found that the Plaintiff does not have an impairment or combination of impairments that meets or medically equals a listing, indicating that he considered Listings 1.04 and 14.09. AR 20-21.

When a claimant's impairment(s) does not meet or equal a listing, the ALJ determines the claimant's "residual functional capacity" (RFC), which "is an administrative assessment of what work-related activities an individual can perform despite [the individual's] limitations." *Dixon v. Massanari*, 270 F.3d 1171, 1178 (7th Cir. 2001); *see also* 20 C.F.R. § 404.1520(e). In this case, the ALJ assessed the following RFC:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except where the claimant can lift and carry, push/pull 20 pounds occasionally, and 10 pounds frequently. The claimant can stand and/or walk for six hours of an eight-hour workday, can sit for six hours of an eight-hour workday with normal breaks. The claimant can occasionally climb ramps and stairs, but must avoid climbing ladders, ropes, and scaffolds. The claimant can occasionally balance, stoop, kneel, crouch, and crawl. The claimant must avoid exposure to unprotected heights and moving mechanical parts. The claimant can occasionally overhead reach with the bilateral upper extremities, and frequently reach in all other directions. The claimant can occasionally push/pull with the right lower extremity.

AR 20.

The ALJ then moves to step four and determines whether the claimant can do her past relevant work in light of the RFC. 20 C.F.R. § 404.1520(a)(4)(iv), (f). In this case, the ALJ noted that the Plaintiff is capable of performing her past relevant work as a billing clerk. AR 25.

If the claimant is unable to perform past relevant work, the ALJ considers at step five whether the claimant can "make an adjustment to other work" in the national economy given the RFC and the claimant's age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v), (g). Here, the ALJ found that the Plaintiff is not disabled because the Plaintiff can perform her past relevant work as a billing clerk. AR 25. The ALJ also found that the Plaintiff is capable of

performing other jobs that exist in the national economy, such as a routing clerk, a mail sorter, and an office helper. *Id.* 26. The claimant bears the burden of proving steps one through four, whereas the burden at step five is on the ALJ. *Zurawski v. Halter*, 245 F.3d 881, 885–86 (7th Cir. 2001); *see also* 20 C.F.R. § 404.1512.

The Plaintiff sought review of the ALJ's decision by the Appeals Council, and the Appeals Council subsequently denied review. AR 1-6. Thus, the ALJ's decision is the final decision of the Commissioner. *Jozefyk v. Berryhill*, 923 F.3d 492, 496 (7th Cir. 2019). The Plaintiff now seeks judicial review under 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

The Social Security Act authorizes judicial review of the agency's final decision. 42 U.S.C. § 405(g). On review, a court considers whether the ALJ applied the correct legal standard and the decision is supported by substantial evidence. *See Summers v. Berryhill*, 864 F.3d 523, 526 (7th Cir. 2017); 42 U.S.C. § 405(g). A court will affirm the Commissioner's findings of fact and denial of disability benefits if they are supported by substantial evidence. *Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2008). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted). Even if "reasonable minds could differ" about the disability status of the claimant, the court must affirm the Commissioner's decision as long as it is adequately supported. *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (quoting *Schmidt v. Astrue*, 496 F.3d 833, 842 (7th Cir. 2007)).

The court considers the entire administrative record but does not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [the court's] own judgment for that of the Commissioner." *McKinzey v. Astrue*, 641 F.3d 884, 889 (7th Cir. 2011) (quoting *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003)). Nevertheless, the court conducts a

"critical review of the evidence," and the decision cannot stand if it lacks evidentiary support or an adequate discussion of the issues. *Lopez*, 336 F.3d at 539 (quotations omitted); *see also Moore*, 743 F.3d at 1121 ("A decision that lacks adequate discussion of the issues will be remanded."). The ALJ is not required to address every piece of evidence or testimony presented, but the ALJ "has a basic obligation to develop a full and fair record and must build an accurate and logical bridge between the evidence and the result to afford the claimant meaningful judicial review of the administrative findings." *Beardsley v. Colvin*, 758 F.3d 834, 837 (7th Cir. 2014) (internal citations omitted). However, "if the Commissioner commits an error of law," remand is warranted "without regard to the volume of evidence in support of the factual findings." *White ex rel. Smith v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997)).

## ANALYSIS

The Plaintiff raises multiple arguments, but the Court need only address one that compels remand. The ALJ erred in failing to properly analyze her subjective complaints of fatigue.

### A. Subjective Symptoms

The Plaintiff also asserts that the ALJ erred in analyzing her subjective symptoms. The ALJ must consider a claimant's statements about her symptoms, such as pain, and how the symptoms affect her daily life and ability to work. *See* 20 C.F.R. § 404.1529(a); SSR 16-3p, 2017 WL 5180304, at *2 (Oct. 25, 2017). Subjective allegations of disabling symptoms alone cannot support a finding of disability. SSR 16-3p, 2017 WL 5180304, at *2. The ALJ must weigh the claimant's subjective complaints, the relevant objective medical evidence, and any other evidence of the following factors:

(1) The individual's daily activities;

(2) Location, duration, frequency, and intensity of pain or other symptoms;

(3) Precipitating and aggravating factors;

5

(4) Type, dosage, effectiveness, and side effects of any medication;

(5) Treatment, other than medication, for relief of pain or other symptoms;

(6) Other measures taken to relieve pain or other symptoms;

(7) Other factors concerning functional limitations due to pain or other symptoms.

*See* 20 C.F.R. §404.1529(c)(3). Here, the Plaintiff asserts that the ALJ made multiple errors in discussing her subjective symptoms, particularly with regard to her fibromyalgia pain and her fatigue.

The Plaintiff asserts that the ALJ erred in evaluating her subjective symptoms, specifically by focusing on the Plaintiff's "essentially normal" physical examinations and her improvement with medication and physical therapy. AR 23. SSR 12-2p provides guidance as to how an ALJ should evaluate a claimant's statements regarding her fibromyalgia symptoms and the effects of those symptoms on their functioning. In evaluating a claimant's statements about fibromyalgia symptoms, the ALJ considers "all of the evidence in the case record, including the person's daily activities, medications or other treatments the person uses, or has used, to alleviate symptoms; the nature and frequency of the person's attempts to obtain medical treatment for symptoms; and statements by other people about the person's symptoms." SSR 12-2p, 2012 WL 3104869, at *5.

The ALJ found that the Plaintiff's allegations are not consistent with the evidence in the record. AR 23. The ALJ relied on "essentially normal" physical examinations and a "slight decrease in pain after engaging in physical therapy." *Id.* The ALJ also noted that her fibromyalgia "has been managed with medications and physical therapy." *Id.* The ALJ also found that her obstructive sleep apnea is managed with a CPAP machine. The Plaintiff alleges that the ALJ erred in relying on essentially normal physical examinations solely because fibromyalgia pain cannot be supported or disproved by objective evidence. However, the Plaintiff provides no evidence that her pain caused more severe limitations. The Plaintiff argues that the ALJ erred simply because he

6

relied on "essentially normal" physical examinations without providing any evidence that she required further limitations due to her pain. As the ALJ noted in the decision, the Plaintiff regularly displayed normal strength, muscle tone, coordination, and function. AR 22-23. Through physical therapy, she reported decreased pain and increased range of motion. *Id.* 23. Her fibromyalgia was considered "fairly stable" in December 2017 and in June 2018, and she reported "minimal complaints" in June 2018. *Id.* 22-23. While the Plaintiff is correct in stating that fibromyalgia symptoms are not displayed in objective evidence, the Plaintiff has offered no evidence that her fibromyalgia pain required further limitations in the RFC. A diagnosis does not automatically indicate disability, and the Plaintiff has provided no evidence that her fibromyalgia pain was ignored by the ALJ due to improper reliance on objective evidence.

The Plaintiff also asserts that the ALJ erred in finding that her fibromyalgia pain is managed with medications and physical therapy because these are the only treatments available for fibromyalgia. The Plaintiff argues that the ALJ is implying that she has only pursued conservative treatment. However, the ALJ makes no such implication, and instead found that her fibromyalgia symptoms were well managed with her current treatment of medication and physical therapy. AR 23. The Plaintiff has again provided no evidence that her symptoms of pain were not well managed with medication and physical therapy.

Finally, the Plaintiff argues that the ALJ erred in finding that her obstructive sleep apnea, and therefore her fatigue, is managed with a CPAP machine. The Plaintiff asserts that this statement is vague and does not adequately account for her fatigue. The ALJ acknowledges that the Plaintiff reported that her CPAP did not help her energy level during the day. AR 21. The ALJ found that the Plaintiff would be limited to no exposure to unprotected heights or moving mechanical parts due to her fatigue related to sleep apnea. *Id.* 24.

The ALJ made no mention of the Plaintiff's repeated complaints of fatigue, either in his listing of the medical evidence or in his analysis of her subjective symptoms.  In August 2017, she complained of daytime sleepiness and sleepiness while driving. AR 324. In December 2017, she continued to complain of daytime sleepiness and struggles with staying asleep due to her CPAP machine. *Id.* 336. In March 2018, the Plaintiff complained of feeling "sluggish and sleepy most of the day," despite good compliance with her CPAP. *Id.* 822-23. She reported that she takes naps throughout the day. *Id.* In July 2018, Plaintiff reported that she was still struggling with fatigue and needing daily naps, and her physician began to question if her fatigue was due to her fibromyalgia or medications. *Id.* 820.  In October 2018, the Plaintiff was still struggling with sleepiness and needing naps. *Id.* 816-17. The Plaintiff testified at the hearing that she feels "tired, exhausted." *Id.* 61. She testified that the CPAP machine does not help with her energy levels, but she continues to use it because she stops breathing during the night without it. *Id.* 63.

There is no indication in the record that the Plaintiff's fatigue was well managed with the use of her CPAP. The ALJ makes no mention of Plaintiff's complaints of fatigue except to say that he accounted for her fatigue by limiting her to no exposure to unprotected heights or moving mechanical parts. AR 24. The ALJ does not discuss her continued reports of fatigue despite using her CPAP, nor does he acknowledge her reported need for naps due to her fatigue. This is particularly problematic, as fatigue and disturbed sleep are considered principal symptoms of fibromyalgia. *See Vanprooyen v. Berryhill*, 864 F.3d 567, 568 (7th Cir. 2017). The Plaintiff's sleep doctors questioned in two separate visits whether her continued fatigue was a result of her fibromyalgia or a side effect of her medications rather than a direct result of her obstructive sleep apnea. AR 817-18, 819-20. It is impossible for the court to trace the ALJ's logic where he failed to discuss or analyze her regular complaints of fatigue and her reported need for naps throughout the day. Without any analysis or explanation from the ALJ, it is unclear if the ALJ properly and

8

thoroughly considered the Plaintiff's fatigue in making the RFC determination. The ALJ failed to build a logical bridge from the facts to his conclusion.  This error requires remand. *Lopez*, 336 F.3d at 539 (quotations omitted); *see also Moore*, 743 F.3d at 1121 ("A decision that lacks adequate discussion of the issues will be remanded.").

**B.  Other Arguments**

The Plaintiff makes several other arguments regarding her subjective symptoms and the analysis of medical opinion evidence. However, since remand is required due to the ALJ's errors in analyzing and addressing the Plaintiff's fatigue, these issues need not be addressed at this time. The Plaintiff can address her other concerns on remand.

**CONCLUSION**

For the reasons stated above, the Court GRANTS the relief sought in the Plaintiff's Brief [ECF No. 17] and REVERSES the decision of the Commissioner. The Court REMANDS this matter for further proceedings consistent with this Opinion.

SO ORDERED on December 15, 2022.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT