UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| IVELISSE MORALES NEGRON,<br><br>Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO, Commissioner of the<br>Social Security Administration,<br><br>Defendant. | CAUSE NO.: 2:20-CV-270-TLS |

## OPINION AND ORDER

This matter is before the Court on an Unopposed Supplemental Petition for Attorney Fee Pursuant to § 206(b)(1) [ECF No. 30], filed on December 23, 2025. The Plaintiff's counsel states that the Defendant has no objection to this request for attorney's fees. *See* ECF No. 30, p. 6. For the reasons stated below, the fees motion is GRANTED.

## BACKGROUND

The Plaintiff's attorney represented the Plaintiff before this Court in a judicial review of the Commissioner's unfavorable decision on the Plaintiff's application for disability insurance benefits. The Court reversed and remanded for further proceedings, ECF No. 21, and awarded attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, ECF No. 25. On remand, the Social Security Administration issued a Notice of Award entitling the Plaintiff to past-due benefits of $122,494.00, twenty-five percent of which was $30,623.50. *See* ECF No. 30-1, p. 3. The Court granted the Plaintiff's attorney an award of attorney fees under 42 U.S.C. § 406(b) in the amount of $30,623.50 with a net award of $24,323.50 offset by the total prior EAJA fee awards of $6,300.00. ECF No. 29.

On November 2, 2025, the Social Security Administration issued Notices of Award for dependent benefits to the Plaintiff's two children in the amount of $61,206.00 based upon the Plaintiff's earnings records. ECF No. 30-1, pp. 7–14. The Plaintiff's attorney now seeks payment of a supplemental fee under 42 U.S.C. § 406(b) in the amount of $15,301.50, which is twenty-five percent of the past-due dependent benefits awarded.

## ANALYSIS

The Social Security Act allows for a reasonable fee to be awarded both for representation at the administrative level, *see* 42 U.S.C. § 406(a), as well as representation before the Court, *see id.* § 406(b). *Culbertson v. Berryhill*, 586 U.S. 53, 55 (2019) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002)). Under § 406(b), the Court may award a reasonable fee to the attorney who has successfully represented the claimant in federal court, not to exceed twenty-five percent of the past-due benefits to which the social security claimant is entitled. 42 U.S.C. § 406(b)(1)(A); *Gisbrecht*, 535 U.S. at 792. The reasonableness analysis considers the "character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808. For this analysis,

> a district court must begin with the contingency award as its polestar and consider whether that amount should be reduced because it is unwarranted based on relevant factors, such as the claimant's satisfaction with their attorney's representation, the attorney's expertise and efforts expended, whether the attorney engaged in any undue delay or overreaching, the uncertainty of recovery and risks of an adverse outcome, and how the effective hourly rate compares to others in the field and jurisdiction. To be sure, this list is not meant to be exhaustive. Moreover, the inquiry is case-specific, and it will not produce the same results in every case.

*Arnold v. O'Malley*, 106 F.4th 595, 601 (7th Cir. 2024) (cleaned up). An award of EAJA fees under 28 U.S.C. § 2412 offsets an award under § 406(b). *Gisbrecht*, 535 U.S. at 796.

Here, the combined benefits to the Plaintiff and her children total $183,700.00. The requested amount in attorney's fees is consistent with the contingency agreement. The total gross

2

fee paid to the Plaintiff's attorney for the work performed at the federal court level would be $45,925.00 when combining the sum of the fee previously awarded of $30,623.50 and the fee requested in the instant motion of $15,301.50. Counsel represents that 32.95 attorney hours were spent in federal court on this case, resulting in an effective hourly rate of $1,393.78. *See* Pl. Mot. 5, ECF No. 30. This hourly rate is reasonable given the contingent nature of this case, the favorable past-due benefit award, and the benefit the Plaintiff will receive in future payments. *See Long v. Saul*, No. 3:19-CV-155, 2021 WL 2588110, at *1 (N.D. Ind. June 24, 2021) (noting that an hourly rate of $1,711.96 is within the range of rates approved by courts); *Koester v. Astrue*, 482 F. Supp. 2d 1078, 1083 (E.D. Wis. 2007) (collecting cases showing that district courts have awarded attorney's fees with hourly rates ranging from $400 to $1,500).

## CONCLUSION

For the reasons stated above, the Court hereby GRANTS the Unopposed Supplemental Petition for Attorney Fee Pursuant to § 206(b)(1) [ECF No. 30], and AWARDS attorney fees under 42 U.S.C. § 406(b) in the amount of $15,301.50.

SO ORDERED on January 7, 2026.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT